# SUPREME COURT.

## Hoffman agt. Van Nostrand and others.

Where a *bank takes stock* from an individual as collateral security to the payment of his promissory note, and then sells the stock, and subsequently on the expiration of their charter, they assign all their property and assets for a valuable consideration, to a new and distinct bank formed under another law, the latter assuming specifically certain debts and liabilities as a part of such consideration; the owner of the stock cannot maintain an action against the latter bank for the value of the stock on tendering the amount of the note, where there is no proof that the latter bank ever received any amount sufficient to pay the claim, or any other claims against the old bank.

*New York General Term, May,* 1864.
*Before* LEONARD, *P. J.,* CLERKE *and* BARNARD, *Justices.*

By the court, CLERKE, J.   I think the referee erred in the reasons upon which he based his decision, although the decision itself is correct.   The statute of limitations has nothing to do with this case.   If the defendants were liable at all, no cause of action accrued until the plaintiff tendered payment of the note, and demanded a return of the stock which had been given as collateral security.   The defendants refused to receive the money and to return the stock, on the ground that they could not comply with the demand, as the stock had been sold by the old bank before it had sold out to the new bank.   Having thus absolutely declined to receive the money, it mattered not whether the person making the demand had the money in his possession at the time or not, and if these defendants were liable at all, a right of action accrued immediately on this refusal.

Assuming then that the demand and tender were properly made, are they liable ?   The defendants are sued as trustees of the late banking corporation, known as the president, directors and company of the Merchants' Exchange Bank.   The charter of this association having expired, the president and directors assigned all its property and assets, for a valuable consideration, to a new and distinct corporation formed under the general banking law, the latter assuming specifically certain debts and liabilities as a part of the consideration of the transfer.   The old association, previous to its dissolution, sold the stock, the value of which the plaintiff seeks to recover from the defendants.   There is no proof that the defendants ever received any assets, or that they ever received any amount sufficient to pay this claim, or any other claims against the old bank.   The statute declaring that the directors and managers of any corporation shall, upon its dissolution, be the trustees of the creditors and stockholders, fixes no such liability as is

claimed on behalf of the plaintiff in this case; on the contrary, it expressly limits the liability to the extent of the property and effects that shall come into their hands.

Even if a right of action against the new bank could be deemed property and effects, within the meaning of the statute, still no such right of action relating to the stock in question can accrue to the defendants. The debts and liabilities of the old bank assumed by the new, are specifically set forth in the bill of sale, and the plaintiff's claim is not among them. So that whether the sale of the plaintiff's stock was rightfully or wrongfully made by the old bank, the defendants are not liable as trustees, or in this form of action.

The judgment should be affirmed, with costs.